**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| CCA GLOBAL PARTNERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BRAM VAN LEUTEREN and WOUT HAKSTEEN, individually and d/b/a FLOOR LAUNCH; and DOES 1-5,<br><br>Defendants. | Civil No. 4:26-1052 |

## COMPLAINT

CCA Global Partners, Inc. ("**CCA Global**") for its Complaint against Bram van Leuteren ("**Leuteren**") and Wout Haksteen ("**Haksteen**"), individually, and together doing business as Floor Launch ("**Floor Launch**"), and Does 1-5 (collectively, Leuteren, Haksteen, Floor Launch, and Does 1-5 are "**Defendants**"), alleges as follows:

### Nature of the Case

1. This is a civil action for trademark infringement, unfair competition, and false designation of origin arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and Missouri common law.

2. By this action, CCA Global seeks equitable and legal remedies for Defendants' repeated, persistent, and intentional infringement of its intellectual property rights.

### Parties

3. Plaintiff CCA Global is a corporation duly organized under the laws of the State of Delaware with its principal place of business located at 4301 Earth City Expressway, St. Louis, Missouri, 63045.

4. Upon information and belief, Defendant Leuteren is the CEO and co-founder of the business operating under the name Floor Launch, as reflected in Exhibit A, which conducts business in the United States, as reflected in Exhibit B. Upon information and belief, through ownership and/or management of Floor Launch, Leuteren directs and controls Floor Launch's business activities, including Floor Launch's policies, procedures, and compliance with intellectual property laws, and/or has authorized, directed, and/or participated in the infringing activities described herein.

5. Upon information and belief, Defendant Haksteen is the COO and co-founder of Floor Launch, as reflected in Exhibit A, which conducts business in the United States, as reflected in Exhibit B. Upon information and belief, through ownership and/or management of Floor Launch, Haksteen directs and controls Floor Launch's business activities, including Floor Launch's policies, procedures, and compliance with intellectual property laws, and/or has authorized, directed, and/or participated in the infringing activities described herein.

6. Defendants Does 1-5 are individuals and/or entities presently unknown to CCA Global. Upon information and belief, Does 1-5 have participated in, directed, authorized, and/or contributed to the infringing activities alleged herein, including through the operation of Floor Launch and its business activities in the United States. CCA Global will seek to amend this Complaint to identify Does 1-5 and their respective roles once such information is ascertained.

## Jurisdiction and Venue

7. This Court has subject-matter jurisdiction over CCA Global's federal Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has subject-matter jurisdiction over CCA Global's related claims arising under state law pursuant to 28 U.S.C. §§ 1338 and 1367.

9. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants, individually and/or through their operation of the Floor Launch business, engage in continuous and systematic business activities within the State of Missouri, such as rendering, offering for sale, and selling services to Missouri-based customers within Missouri; and/or regularly solicit business in Missouri, deriving substantial revenue from interstate commerce, and the State of Missouri; and/or have purposefully directed substantial activities at the residents of Missouri by means of advertising and selling goods and services in connection with the unauthorized use of CCA Global's intellectual property rights, as further described herein; and/or have committed and directed their tortious conduct described herein at persons located in Missouri; and/or have otherwise made or established contacts with the State of Missouri sufficient to permit the exercise of personal jurisdiction.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims stated herein occurred within the jurisdiction of the Western District of Missouri.

## Factual Background

### A. CCA Global's Trademark Rights.

11. CCA Global, through its predecessors in interest, affiliated companies, cooperative members, and/or licensees, has continuously provided flooring and flooring-related products and services throughout the United States under its numerous CARPET ONE® trademarks since at least as early as 1985.

12. Specifically, CCA Global operates cooperative flooring brands under its CARPET ONE® trademarks, through which independently owned and operated flooring retailers offer

carpeting, flooring, and related products and services to consumers throughout the United States in connection with the CARPET ONE® trademarks (“**CCA Goods and Services**”).

13. CCA Global owns the U.S. trademark registrations identified in the following table, which are registered with the United States Patent and Trademark Office (USPTO) (hereinafter collectively referred to as the “**CARPET ONE® Marks**”):

| Trademark | Goods/Services | Status<br>Priority Date |
|---|---|---|
| **CARPET ONE**<br><br>Registration No:<br>1422989 | (Int'l Class: 27) carpeting<br><br>(Int’l Class 42) carpet dealership services | Registered:<br>Dec. 30, 1986<br><br>First Use Date:<br>Oct. 14, 1985 |
| Registration No:<br>3321489 | (Int'l Class: 200) Indicating membership in a(n) association of flooring and home décor retailers | Registered:<br>Oct. 23, 2007<br><br>First Use Date:<br>Aug. 01, 2007 |
| Registration No:<br>3321491 | (Int'l Class: 35) retail store services, catalog services, mail order catalog services and retail services via a global computer network, all featuring rugs, carpeting, tile, flooring, and other floor coverings, and home decor | Registered:<br>Oct. 23, 2007<br><br>First Use Date:<br>Aug. 01, 2006 |
| **CARPET ONE FLOOR & HOME**<br><br>Registration No.<br>3472182 | (Int’l Class 200) Indicating membership in an association of flooring and home decor retailers | Registered:<br>Jul. 22, 2008<br><br>First Use Date:<br>Aug. 01, 2007 |
| **CARPET ONE FLOOR & HOME** | (Int’l Class 35) Retail store services, catalog ordering services, mail order catalog services and on-line retail store services, all featuring rugs, | Registered:<br>Jan. 27, 2009 |

| Trademark | Goods/Services | Status<br>Priority Date |
|---|---|---|
| Registration No.<br>3566786 | carpeting, tile, flooring, and other floor coverings, and home decor | First Use Date:<br>Aug. 01, 2006 |
| Registration No.<br>4115805 | (Int'l Class 35) Retail store services and wholesale distributorships featuring rugs, carpeting, tile, flooring, other floor coverings, and home decor | Registered:<br>Mar. 20, 2012<br><br>First Use Date:<br>Jun. 30, 2008 |
| Registration No.<br>6556779 | (Int'l Class 19) Hard wood flooring; Non-metal floor tiles; Vinyl flooring<br><br>(Int'l Class 27) Carpeting; Floor coverings<br><br>(Int'l Class 35) On-line retail store services featuring rugs, carpeting, tile, flooring, and other floor coverings, and home décor; Retail store services featuring rugs, carpeting, tile, flooring, and other floor coverings, and home décor | Registered:<br>Nov. 09, 2021<br><br>First Use Date:<br>Jan. 12, 2021 |
| **CARPET ONE**<br><br>Registration No.<br>7332050 | (Int'l Class 19) Hard wood flooring; Laminate flooring; Non-metal floor tiles; Vinyl flooring; Vinyl tiles<br><br>(Int'l Class 27) Carpeting; Carpets; Carpets, rugs, mats and matting, linoleum for covering existing floors; Floor mats; Rugs<br><br>(Int'l Class 35) On-line retail store services featuring rugs, carpeting, tile, flooring, and other floor coverings, and home décor; Retail store services featuring rugs, carpeting, tile, flooring, and other floor coverings, and home décor | Registered:<br>Mar. 19, 2024<br><br>First Use Date:<br><br>Classes 27 and 35:<br>Mar. 25, 1985<br><br>Class 19: 2000 |

The corresponding Trademark Status and Document Retrieval (TSDR) pages and Certificates of Registration for the CARPET ONE® Marks are attached as Exhibit C.

14. The registration certificates are prima facie evidence of CCA Global's ownership of each registration, the validity thereof, and CCA Global's exclusive right to use and license the marks in connection with the CCA Goods and Services set forth in each certificate of registration.

15. The following registrations for CARPET ONE® Marks have achieved incontestability status in accordance with the provisions of 15 U.S.C. § 1065: U.S. Registration Nos. 1422989, 3321489, 3321491, 3472182, 3566786, and 4115805.

16. CCA Global, including through its cooperative members whose use of the marks inures to the benefit of CCA Global, has spent substantial sums to actively and continuously advertise and promote CCA Goods and Services identified by the CARPET ONE® Marks.

17. CCA Global, including through its cooperative members, offers CCA Goods and Services under its CARPET ONE® Marks nationwide, and its prominent use and promotion of the CARPET ONE® Marks can be seen, among other places, on its website, at https://www.ccaglobalpartners.com/brands/carpet-one-floor-home/, as well as on the dedicated CARPET ONE® website at https://www.carpetone.com/. True and accurate printouts of the CARPET ONE® website are attached as Exhibit D.

18. CCA Global also devotes substantial time and resources to developing, producing, and distributing marketing and promotional materials, including video advertisements, promoting CCA Goods and Services under the CARPET ONE® Marks. Representative examples of such video advertisements are attached as Exhibit E.

19. CCA Global's decades of continuous use, substantial advertising and promotion, and widespread offering of CCA Goods and Services under the CARPET ONE® Marks has resulted in consumer recognition of the CARPET ONE® Marks to uniquely identify CCA Global and its authorized cooperative members as the source of CCA Goods and Services.

20. The CARPET ONE® Marks have therefore acquired substantial goodwill over the past 40+ years and constitute valuable assets of CCA Global.

**B. Defendants' Business and Infringing Activity.**

21. Defendants Leuteren and Haksteen conduct business in the United States under the trade name Floor Launch.

22. Floor Launch provides marketing and advertising services to flooring retailers. These services include, among others, creating marketing content and advertisements for distribution through social media and other digital channels, as well as managing and operating advertising campaigns on behalf of its clients. Floor Launch describes itself as the "in-house marketing team and call center for 150+ flooring retailers across North America."

23. The Floor Launch business operates through the website located at https://floorlaunch.com/ (the "**Floor Launch Website**"). According to the WhoIs database, the domain name was registered on December 12, 2022. See Exhibit F.

24. The Floor Launch business also maintains a presence on various social media platforms, including through the following accounts:

a. Instagram: https://www.instagram.com/floorlaunch/

b. Facebook: https://www.facebook.com/floorlaunch/

c. YouTube: https://www.youtube.com/@floorlaunch

d. Leuteren's LinkedIn: https://www.linkedin.com/in/bramvanleuteren/

The above accounts are collectively referred to herein as the "**Floor Launch Social Media Accounts**." See Exhibit G.

25. In or around April 2025, CCA Global discovered that Floor Launch was using the CARPET ONE® Marks without authorization in connection with Floor Launch's own business and marketing materials, as well as in marketing materials created by Floor Launch for its clients.

26. Specifically, Floor Launch was using CCA Global's CARPET ONE® Marks on the Floor Launch Website and in posts and advertisements on the Floor Launch Instagram account,

as well as incorporating snippets of CCA Global's CARPET ONE® promotional videos in advertisements created for Floor Launch's client, Floor Crafters Specialist Flooring Company. See Exhibit H.

27. On April 21, 2025, Christine Mace, internal legal counsel for CCA Global, contacted Leuteren via telephone, and left a voicemail concerning Floor Launch's unauthorized use of CCA Global's intellectual property. Ms. Mace followed up via email on April 22, 2025, specifically detailing CCA Global's rights in and to its CARPET ONE® Marks, informing Leuteren that Defendants do not have authorization to use CCA Global's trademarks, and requesting that Leuteren remove all CARPET ONE® Marks and any other marks owned by CCA Global from the Floor Launch Website, Floor Launch Social Media Accounts, and any other marketing and promotional materials used by Floor Launch or created by Floor Launch for its clients.

28. Following CCA Global's demand, Leuteren promptly removed the CARPET ONE® Marks from the Floor Launch Website and replied to Ms. Mace representing that he was also working to remove the CARPET ONE® Marks from Floor Launch's Instagram content.

29. Despite Leuteren's representations, Floor Launch's unauthorized use of the CARPET ONE® Marks has continued.

30. Counsel for CCA Global has submitted numerous trademark and copyright infringement reports concerning advertisements and posts on the Floor Launch Social Media Accounts that use, without authorization, the CARPET ONE® Marks and/or snippets from CCA Global's marketing videos, which include without limitation:

a. Instagram Report No. 812923528325204, submitted November 12, 2025;

b. LinkedIn Report No. 251112-017632, submitted November 12, 2025;

c. Facebook Ad Report No. 1518385582807887, submitted November 12, 2025; and

d. A Facebook Report No. 899261599706517 submitted April 14, 2026.

31. Despite infringement reports resulting in removal of infringing content, to date, and again despite CCA Global's repeated demands and enforcement efforts, Floor Launch continues to use the CARPET ONE® Marks without CCA Global's authorization on the Floor Launch Website and on the Floor Launch Social Media Accounts. Representative examples of Floor Launch's continued, blatant infringement, include:

a. Use of the CARPET ONE® Marks on the home page of the Floor Launch Website (https://floorlaunch.com/);

b. Use of the CARPET ONE® Marks in an Instagram advertisement on the Floor Launch account (https://www.instagram.com/p/DHq63lwAcVk/);

c. Use of the CARPET ONE® Marks in a Floor Launch YouTube video (https://www.youtube.com/watch?v=nYYsSCVG5zA); and

d. Use of the CARPET ONE® Marks in Leuteren's LinkedIn profile page, which advertises Floor Launch and links to a Floor Launch specific LinkedIn page (https://www.linkedin.com/in/bramvanleuteren/).

See Exhibit I.

32. Floor Launch has also continued to incorporate CCA Global's marketing and promotional content, including content displaying the CARPET ONE® Marks, into advertisements and other promotional materials that Floor Launch creates and distributes for third-party flooring retailers.

33. In or around July 2026, Floor Launch created and/or distributed advertisements for Schmidt Custom Floors, a Colorado flooring retailer unaffiliated with CCA Global, that depicted

individuals wearing shirts and hats prominently displaying the CARPET ONE® Marks. See Exhibit J.

34. And upon information and belief, Floor Launch has incorporated CCA Global's content and/or the CARPET ONE® Marks into marketing and promotional materials created for additional third-party flooring retailers as well.

35. Defendants continue to prominently use the CARPET ONE® Marks without CCA Global's authorization, both to advertise and promote Floor Launch's own business and in advertisements and other marketing and promotional materials that Floor Launch creates, provides, and/or distributes for its flooring-retailer clients nationwide.

36. Defendants' unauthorized uses are directed to and occur within the same flooring industry in which CCA Global, and its authorized cooperative members, offer and promote the CCA Goods and Services under the CARPET ONE® Marks.

37. Defendants have actual knowledge of CCA Global's rights in the CARPET ONE® Marks and of CCA Global's objections to their unauthorized use since at least April 2025.

38. Notwithstanding that knowledge, CCA Global's repeated express demands that such uses cease, Leuteren's representations that they would remove infringing content, and CCA Global's infringement reports, Defendants have willfully and intentionally continued to use the CARPET ONE® Marks in connection with their commercial activities.

39. Defendants' continued intentional and willful use of the CARPET ONE® Marks in the flooring industry is likely to cause consumers to mistakenly believe that Defendants, their services, and/or the third-party flooring retailers for whom Defendants create advertising are affiliated with, sponsored by, authorized by, or otherwise connected with CCA Global and its CARPET ONE® Marks and brand.

## Count I – Trademark Infringement
## 15 U.S.C. § 1114

40. CCA Global realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully herein.

41. CCA Global, through its predecessors in interest, affiliated companies, cooperative members, and/or licensees, has continuously used its registered CARPET ONE® Marks throughout the United States in connection with flooring and flooring-related products and services since at least as early as 1985.

42. Upon information and belief, Defendants began using the CARPET ONE® Marks in or around the beginning of 2025, approximately forty (40) years after CCA Global first acquired trademark rights in the CARPET ONE® Marks.

43. Defendants' unauthorized use of CARPET ONE® Marks post-dates CCA Global's priority rights in the CARPET ONE® Marks.

44. Defendants have used and continue to use reproductions and/or copies of CCA Global's registered CARPET ONE® Marks in commerce without CCA Global's consent, including in Defendants' own advertising and promotional materials and in advertising and promotional materials Defendants create, provide, and/or distribute for third-party flooring retailers.

45. Defendants themselves operate within the same flooring industry as CCA Global and its authorized cooperative members, providing marketing and advertising services specifically to flooring retailers.

46. Defendants also use the CARPET ONE® Marks in connection with marketing and advertising services specifically directed to flooring retailers and the flooring industry, including retailers that are not affiliated with or authorized by CCA Global.

47. Defendants' unauthorized use of the CARPET ONE® Marks in connection with such activities is likely to cause consumers to mistakenly believe that Defendants, Defendants' services, and/or the third-party flooring retailers promoted through Defendants' advertising are affiliated with, connected with, sponsored by, endorsed by, or otherwise authorized by CCA Global or its CARPET ONE® brand.

48. Defendants' unauthorized use in commerce of the CARPET ONE® Marks therefore constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49. Defendants have actual knowledge of CCA Global's rights in the CARPET ONE® Marks and of the unauthorized nature of their conduct. As detailed above, CCA Global notified Defendants of its rights and explicitly demanded Defendants cease their use of the CARPET ONE® Marks.

50. Notwithstanding such actual knowledge, CCA Global's express demands, and CCA Global's subsequent infringement reports concerning Defendants' continued unauthorized uses of CCA Global's intellectual property, Defendants have continued to use the CARPET ONE® Marks in connection with their commercial activities.

51. Defendants' continued unauthorized use of the CARPET ONE® Marks after receiving actual notice of CCA Global's rights and objections is knowing, intentional, and willful.

52. Defendants' use in commerce of the CARPET ONE® Marks has and will continue to cause irreparable injury to CCA Global by destroying consumers' unique association of the CARPET ONE® Marks with CCA Global and its authorized cooperative members, and engendering confusion in the marketplace.

53. CCA Global has no adequate remedy at law for Defendants' misconduct.

54. Unless Defendants are enjoined and restrained from continuing their infringement, consumers will be confused, and Defendants will be able to continue improperly benefiting from the goodwill CCA Global has acquired in its CARPET ONE® Marks.

55. CCA Global is entitled to recover three times its actual damages, as well as Defendants' gains, profits, and advantages as a result of Defendants' infringement, in an amount to be proven at trial.

56. Defendants' intentional and willful misconduct entitles CCA Global to damages, Defendants' profits, attorneys' fees and costs, and any and all other relief authorized under 15 U.S.C. § 1117.

**Count II – Unfair Competition and False Designation of Origin**
**15 U.S.C. § 1125(a)**

57. CCA Global realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully herein.

58. CCA Global, through its predecessors in interest, affiliated companies, cooperative members, and/or licensees, has continuously used its registered CARPET ONE® Marks throughout the United States and in Missouri in connection with the CCA Goods and Services since at least as early as 1985, and prior to Defendants' uses of CARPET ONE.

59. Defendants operate within the same flooring industry as CCA Global and its authorized cooperative members, providing marketing and advertising services specifically to flooring retailers.

60. Defendants have used and continue to use the CARPET ONE® Marks without CCA Global's authorization in connection with Defendants' commercial activities, including in Defendants' own marketing and promotional materials and in advertisements and other marketing

and promotional materials Defendants create, provide, and/or distribute for third-party flooring retailers.

61. Defendants are using the CARPET ONE® Marks in the same geographic locations that CCA Global and its authorized cooperative members offer CCA Goods and Services under the CARPET ONE® Marks.

62. Defendants' unauthorized use of the CARPET ONE® Marks in connection with marketing and advertising directed to the flooring industry falsely suggests an affiliation, connection, or other association between Defendants and CCA Global and/or its CARPET ONE® Marks and brand.

63. Defendants' unauthorized use of the CARPET ONE® Marks in advertisements and promotional materials created and/or distributed for third-party flooring retailers further falsely suggests that such retailers, and/or their goods and services, are affiliated with, connected with, sponsored by, endorsed by, or otherwise authorized by CCA Global and/or its CARPET ONE® Marks and brand.

64. Defendants' conduct constitutes unfair competition and a false designation of origin in violation of 15 U.S.C. § 1125(a).

65. As set forth above, Defendants have actual knowledge of CCA Global's rights in the CARPET ONE® Marks and of CCA Global's objections to their unauthorized use. Defendants' continued unauthorized use of the CARPET ONE® Marks despite actual knowledge of infringement is knowing, intentional, and willful.

66. Defendants' use in commerce of the CARPET ONE® Marks has and will continue to cause irreparable injury to CCA Global by destroying consumers' unique association of the CARPET ONE® Marks with CCA Global, and engendering confusion in the marketplace.

67. CCA Global has no adequate remedy at law for Defendants' misconduct.

68. Unless Defendants are enjoined and restrained from continuing their infringement, consumers will be confused, and Defendants will be able to continue improperly benefiting from the goodwill CCA Global has acquired in its CARPET ONE® Marks.

69. CCA Global is entitled to recover three times its actual damages, as well as Defendants' gains, profits, and advantages as a result of Defendants' infringement, in an amount to be proven at trial.

70. Defendants' intentional and willful misconduct entitles CCA Global to damages, Defendants' profits, attorneys' fees and costs, and any and all other relief authorized under 15 U.S.C. § 1117.

## **Count III – Trademark Infringement**
## **Missouri Common Law**

71. CCA Global realleges and incorporates by reference the averments of all preceding paragraphs as if set forth fully herein.

72. CCA Global owns common law trademark rights in CARPET ONE dating back to at least as early as 1985.

73. CCA Global, including through its cooperative members, has used its CARPET ONE® Marks continuously and consistently for an extended period of time to identify, advertise, promote, sell, and provide the CCA Goods and Services, which has indelibly impressed on the minds of the consuming public the impression that the marks are distinctive and identify CCA Global as the source of the goods and services offered in connection with the CARPET ONE® Marks.

74. Upon information and belief, Defendants began using the CARPET ONE® Marks in or around the beginning of 2025, approximately forty (40) years after CCA Global first acquired trademark rights in the CARPET ONE® Marks.

75. Defendants' use of the CARPET ONE® Marks post-dates CCA Global's priority rights in the CARPET ONE® Marks.

76. Unless restrained by this Court, Defendants will continue to use CCA Global's proprietary marks to create a likelihood of confusion and deception of the consuming public, causing irreparable injury to CCA Global for which CCA Global has no adequate remedy at law.

77. Defendants' acts constitute trademark infringement under the common law of the State of Missouri.

78. As a result of correspondence between CCA Global and Defendants, Defendants have notice and actual knowledge of CCA Global's rights in the CARPET ONE® Marks but continue to engage in the aforementioned misconduct, without regard to the likelihood of confusion and deception of the public created by Defendants' activities.

79. Defendants' acts entitle CCA Global to recover its damages and costs of this action, together with an accounting of profits made by Defendants from the use of the CARPET ONE® Marks.

80. As a result of Defendants' acts, CCA Global has been irreparably damaged and will continue to be damaged in an amount not yet determined or ascertainable. CCA Global is entitled to preliminary and permanent injunctive relief, as well as any further relief as may be equitable and proper under Missouri common law.

## Prayer for Relief

Based on the foregoing, CCA Global respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above, and award it relief, including, without limitation, the following:

1. Preliminary and permanently enjoin and restrain Defendants, and their officers, directors, agents, dealers, representatives, servants, and employees, and all others acting in concert with Defendants, from:

   a. Using the CARPET ONE® Marks, or any confusingly similar variation thereof, in Defendants' own advertising, marketing, promotional materials, social media content, websites, videos, or other commercial materials;

   b. Using the CARPET ONE® Marks, or any confusingly similar variation thereof, in any advertising, marketing, promotional materials, social media content, videos, or other materials created, provided, distributed, or otherwise used by Defendants for or on behalf of any third party;

   c. Using any trademark, name, domain name, logo, design, or source designation of any kind on or in connection with goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the CARPET ONE® Marks;

   d. Using any trademark, name, domain name, logo, design, or source designation of any kind on or in connection with goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by CCA Global, or are sponsored, authorized, or endorsed by CCA Global, or are in any manner connected to or related to CCA Global;

e. Passing off, palming off, or assisting in passing off or palming off goods or services as those of CCA Global, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

f. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Paragraph 1;

2. Direct Defendants to file with this Court and service on CCA Global's counsel within thirty (30) days after the service on Defendants of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

3. Order Defendants to provide CCA Global with an accounting of any and all profits derived by Defendants from the unauthorized use of the CARPET ONE® Marks, including in connection with Defendants' marketing, advertising, and promotional services provided to third parties;

4. Award CCA Global Defendants' profits resulting from the acts of infringement and unfair competition alleged in this Complaint in order to redress Defendants' unjust enrichment and to deter their infringement of the CARPET ONE® Marks, pursuant to 15 U.S.C. § 1117(a)(1);

5. Award CCA Global any damages sustained and the costs of this action, pursuant to 15 U.S.C. § 1117(a)(2);

6. Triple any damages and increase any profits awarded to the amount this Court finds just, pursuant to 15 U.S.C. § 1117(a);

7. Find that Defendants' knowing, intentional, and willful conduct renders this an exceptional case and award CCA Global its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

8. Grant to CCA Global such further relief as may be equitable and proper.

## **Jury Demand**

CCA Global demands a trial by jury on all issues so triable.

Dated November 13, 2026

Respectfully Submitted,

C. Blair Barbieri
blair.barbieri@eriseip.com
Kenzie M. Lawrence
kenzie.lawrence@eriseip.com
ERISE IP, P.A.
7015 College Boulevard, Suite 700
Overland Park, Kansas 66211
Tel: (913) 777-5600

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record have been served with a copy of this document via CM/ECF this 13th day of November, 2026.

*/s/ C. Blair Barbieri*
C. Blair Barbieri